FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
IN ADMIRALTY

2007 JUN 18 PM 12: 15

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CASE NO.:

COUNTY RESCUE TOWING & SALVAGE INC.
d/b/a OIL SPILL RESPONSE COMPANY,

Plaintiff,

2:07-cv-396-FtM-29SPC

vs.

AQUA TERRA CONSTRUCTION AND
ENGINEERING SYSTEMS, INC.,

Defendant.
_____/

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SHERI POLSTER CHAPPELL
U.S. MAGISTRATE JUDGE

## COMPLAINT

**COMES NOW**, the Plaintiff, **COUNTY RESCUE TOWING & SALVAGE, INC.** d/b/a **OIL SPILL RESPONSE COMPANY**, ("OIL SPILL RESPONSE"), by and through the undersigned attorney, and sues the Defendant, **AQUA TERRA CONSTRUCTION AND ENGINEERING SYSTEMS, INC.** ("AQUA TERRA"), in an action for damages, and in support thereof, the Plaintiff states the following:

1. This is an Admiralty and Maritime claim within the meaning of the Federal Rules of Civil Procedure; this Court has original jurisdiction through Article III, Section 2, of the United States Constitution.

2. At all times material hereto, the Plaintiff, OIL SPILL RESPONSE, was and is a business association conducting business in Naples, Florida, within the Middle District of

Florida and is engaged in the business of containing and cleaning marine spills involving oil and other pollutants.

3. Upon information and belief and at all times material hereto, the Defendant-AQUA TERRA, is a foreign corporation.

## COUNT I:

## BREACH OF CONTRACT

4. The Plaintiff re-states and re-alleges paragraphs one (1) through three (3) as if fully set forth herein, and Plaintiff further states:

5. Upon information and belief Defendant AQUA TERRA obtained contracted work for the emergency cleanup of pollutants in the water at Oak Harbor Marina where caused by Hurricane Katrina.

6. On or about September 9, 2005, the Plaintiff and Defendant entered into a contract whereupon the Defendant AQUA TERRA agreed to rent marine boom equipment from the Plaintiff in Defendant's cleanup of Oak Harbor Marina. (See Attached Composite Exhibit A).

7. The Plaintiff rented out the stated equipment in seven (7) parcels of 2000 ft. boom to the Defendant every seven days at a cost of Twenty-Eight Thousand Dollars ($28,000.00) per week, during the period from September 10, 2005 until February 18, 2006.

8. The overall amount due to Plaintiff for the Defendant's rental of boom equipment for the aforestated period totals Six Hundred Fifty-Two Thousand ($652,000.00) Dollars, all of which remains outstanding.

9. Pursuant to the terms of the "Rental Statement", the Defendant AQUA TERRA was to pay each week's rental expense upon the close of each week.

10. Despite repeated notification and attempts by the Plaintiff, OIL SPILL RESPONSE, to compel the Defendant to pay the rental amount owed, Defendant AQUA TERRA has refused to tender payment.

11. The Plaintiff fully complied with and fulfilled its obligations under the contract by timely delivering the requested boom equipment to the Defendant, and the Defendant used the same for its business purposes.

12. The Defendant AQUA TERRA has breached the contract and owes the Plaintiff, OIL SPILL RESPONSE, the entire balance of the contract price plus all direct, consequential, and incidental damages.

WHEREFORE the Plaintiff, OIL SPILL RESPONSE, prays for judgment against the Defendant, AQUA TERRA, for the balance due under the contract of $,652,000.00, plus all direct, consequential, and incidental damages, and for interest, a trial by jury and any other relief deemed appropriate by the Court.

### COUNT I:

### BREACH OF IMPLIED CONTRACT

13. The Plaintiff re-states and re-alleges paragraphs one (1) through twelve (12) as if fully set forth herein, and Plaintiff *alternatively* further states:

14. That the Plaintiff entered into an agreement with the Defendant for the rental of boom equipment.

15. Plaintiff does not have a complete written contract with the Defendant, on information and belief; however, Plaintiff does have a copy of its weekly "Rental Statements," which were sent to the Defendant. (See Attached Composite Exhibit A).

16.   That under the terms of the agreement, the Plaintiff rented equipment to the Defendant in the form of seven (7) parcels of 2000 ft. boom every seven days at a cost of Twenty-Eight Thousand Dollars ($28,000.00) per week, during the period from September 10, 2005 until February 18, 2006, for the total amount of Six Hundred Fifty-Two Thousand ($652,000.00) Dollars.

17.   The Defendant breached its implied contract with the Plaintiff in failing to pay the Plaintiff for the cost of using Plaintiff's valuable equipment.

18.   That the Defendant's breach of the implied contract has caused the Plaintiff to suffer damages in the form of lost revenue.

WHEREFORE the Plaintiff, OIL SPILL RESPONSE, prays for judgment against the Defendant, AQUA TERRA, for the balance due under the contract of $,652,000.00, plus all direct, consequential, and incidental damages, and for interest, a trial by jury and any other relief deemed appropriate by the Court.

## COUNT III:

## UNJUST ENRICHMENT

19.   The Plaintiff re-states and re-alleges paragraphs one (1) through eighteen (18) as if fully set forth herein, and Plaintiff further *alternatively* states:

20.   Plaintiff conferred upon Defendant the benefit of the use of its boom equipment during Defendant's contracted cleanup of Oak Harbor Marina.

21.   Defendant had knowledge that the Plaintiff rented Plaintiff's boom equipment to the Defendant with the understanding that the Defendant would fully compensate Plaintiff.

22.   Defendant voluntarily accepted and retained the benefit in using the Plaintiff's boom equipment to perform Defendant's compensated services at Oak Harbor Marina.

23. Upon information and belief: the Defendant invoiced for the subject rental expenses for Defendant's work at Oak Harbor Marina; whereupon Defendant received money from FEMA and/or private insurance money for the rental expenses of Plaintiff's boom equipment.

24. Despite having received the benefit of using Plaintiff's boom equipment while the Defendant provided its services and received compensation, the Defendant has failed to tender payment to Plaintiff of the rental expenses, including any money received from FEMA or from private insurance.

25. The aforestated circumstances are such that it would be inequitable for the Defendant to retain the benefit without paying the requested amount to the Plaintiff.

WHEREFORE, the Plaintiff, OIL SPILL RESPONSE, request judgment in its favor and against Defendant, AQUA TERRA, in the amount of Six Hundred Fifty-Two Thousand ($652,000.00) Dollars, pre-judgment interest, court costs, and such other and further relief as this Court deems just and proper.

Date: 6-14-07

The Law Offices of Frank D. Butler, P.A.

Frank D. Butler, Esquire
Fla. Bar No. 940585
10550 U.S. 19 North
Pinellas Park, FL 33782
Phone: 727-399-2222
Fax: 727-399-2202
Attorney for Plaintiff